### SALZMAN v. SIEGELMAN et al.

(Supreme Court, Appellate Division, Second Department.    March 17, 1905.)

GOOD WILL—SALES—CONTRACT—VIOLATION—INJUNCTION.

S., on the dissolution of the firm of which he was a member, agreed with plaintiff that he would not directly or indirectly re-engage in a similar business within the state. Thereafter, a competing business hav-

ing been established within the state, plaintiff alleged that such business was being conducted both by defendant S. and his son in violation of the agreement, and that they threatened and intended to establish a similar competing business in other cities where plaintiff had stores, in violation of the agreement. *Held*, that a temporary injunction restraining S. from conducting or engaging in such business was not erroneous, in so far as it refused to restrain him from assisting his son in the conduct of his business to the extent of loaning him money.

Appeal from Special Term, Kings County.

Action by Morris Salzman against Sigmund Siegelman and another. From an order in favor of plaintiff for a part only of the relief demanded, he appeals. Affirmed.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

Geo. E. Blackwell, for appellant.
Robert H. Wilson, for respondents.

MILLER, J. The plaintiff and defendant Sigmund Siegelman, copartners, entered into a dissolution agreement by which the plaintiff purchased the interest of said defendant, who agreed that he would not directly or indirectly engage in a similar business to that theretofore carried on by said firm in any place within the state of New York where said firm then had its stores. Thereafter a competing business was established in the city of Syracuse under the name of Myer Siegelman Co., which said defendant claims is owned and conducted exclusively by his son, the defendant Myer Siegelman; but the plaintiff, alleging that said business is being conducted by both defendants in violation of the agreement of Sigmund Siegelman, and that they threaten and intend to establish a similar competing business, in other cities where the plaintiff has stores, in like violation of said agreement, brings this action to restrain both defendants from continuing the business so established, and from further engaging in similar business in said places, and now seeks to obtain pendente lite the injunctive relief demanded in the complaint. The order appealed from denies the motion so far as it seeks to restrain the defendant Myer Siegelman from conducting or engaging in said business, but does restrain the defendant Sigmund Siegelman from directly or indirectly assisting him in the conduct thereof, except to the extent of loaning him money.

There is respectable authority for the proposition that the mere loaning of money to a competitor is not a breach of an agreement similar to the one involved here. Bird v. Lake, 1 H. & M. 338. Of course, the defendant Sigmund Siegelman cannot use his son as an instrument by which to violate his contract, but there is a sharp conflict as to the relation of said defendant to the business conducted in the name of his son. So far as the patent facts disclosed by the record are concerned, the plaintiff has been granted the relief asked for. The matters in dispute can best be determined by a trial of the action, and we are of the opinion that, instead of asking this court, upon affidavits, to interfere with the determination of the

Special Term, the plaintiff should seek an early trial of the issues upon which his right to injunctive relief depends.

The order should be affirmed, with $10 costs and disbursements. All concur.